OPINION
Defendant, Gary J. Houser, appeals from his conviction and sentence for OMVI, R.C. 4511.19(A)(1), which were entered upon Houser's plea of no contest after the trial court denied a motion to suppress evidence that Houser filed. Houser presents a single assignment of error, which states:
 THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE WHERE THE INITIAL STOP BY THE POLICE OFFICER WAS NOT SUPPORTED BY FACTS GIVING RISE TO A REASONABLE AND ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY.
On August 31, 1999, at approximately 2:30 a.m., Tipp City Police Officer Eric Burris was in his police cruiser on routine patrol. His duties included checking business premises where vandalism and break-ins have occurred.
Officer Burris was near the American Legion Post at Third Street and Park Avenue when he saw a pick-up truck in the parking lot. Its lights were not on. The truck began moving slowly toward the exit onto Third Street. The truck's lights came on as it neared the entrance. It then drove onto Third Street and then made several turns. Officer Burris later testified that "[i]t did appear that he left the lot quickly after he had seen me." (T. 7).
Officer Burris inspected the Legion Post building but found no evidence of damage or forced entry. Notwithstanding the lack of any specific evidence of criminal activity, Officer Burris drove about Tipp City to locate the truck and its driver.
Officer Burris next saw the truck parked near an apartment building. The truck was unoccupied. Officer Burris waited nearby, and when he saw the truck proceeding along Park Avenue he stopped it because, as he later testified, "I felt I needed to find out who was inside the truck." (T. 8).
When the driver of the truck, Defendant Houser, stepped out, Officer Burris observed that his speech was slurred and that there was an odor of alcohol about him. Officer Burris saw an open container of alcohol about him inside the vehicle. He administered several field tests to determine intoxication, and on the basis of Houser's performance arrested him and charged him with OMVI.
Houser moved to suppress any evidence that arose from his stop by Officer Burris. The trial court denied Houser's motion to suppress, finding that Officer Burris' stop of Houser's vehicle was supported by a reasonable and articulable suspicion of criminal activity. We do not agree.
A law enforcement officer may briefly detain a person in order to investigate a reasonable and articulable suspicion of criminal activity. Terry v. Ohio (1968), 392 U.S. 1. A stop of amoving vehicle effected for that purpose is a detention and issubject to the same requirements. United States v. Brignoni-Ponce
(1975), 422 U.S. 873.
Whether a stop and detention is reasonable must be determinedfrom the totality of the circumstances that surround it. State v.Freeman (1980), 64 Ohio St.2d 291. That totality is "to be viewedthrough the eyes of the reasonable and prudent officer on thescene who must react to events as they unfold." State v. Andrews
(1991), 57 Ohio St.3d 86, 87-88.
The "reasonable and articulable suspicion" test has a functional purpose in relation to the underlying Fourth Amendment prohibitions which a seizure implicates. Those prohibitions subject a seizure to judicial review, which must find some basis in law to justify the seizure involved. "In order to create a basis in law to effect a seizure . . . the basis of the officer's suspicions requires some nexus between the individual he detains and some specific criminal conduct. Further, that basis must be articulated by the officer or hypothesized from the totality of the facts and circumstances before him." State v. Gonsior (1996),117 Ohio App.3d 481, 486-487.
In Terry, supra, an experienced Cleveland police officer sawthree men walking back and forth in front of a retail store,looking inside as they did. Suspecting that they might beplanning a "stick-up," the officer collared one of the men toinvestigate, and in the process located a knife in the man'spocket. The Supreme Court relied on the officer experience andthe facts he articulated to find that the seizure was reasonable
for purposes of the Fourth Amendment, giving him a basis to detain the men he saw in order to investigate the possibility of crime.
In Andrews, supra, an officer stopped a man whom he saw "trotting" away from an area where a police cruiser had stopped. The Ohio Supreme Court held that the officer reasonably detained the man in order to investigate whether his possible flight from other officers was connected to criminal activity, notwithstanding the lack of any evidence of specific criminal activity.
The history of vandalism and break-ins in the same area might reasonably cause Officer Burris to suspect that the occupant of the pick-up truck he saw at the American Legion Post was involved in the same sort of criminal activity. However, the officer's subsequent inspection of the building revealed that no such activity had taken place there. That finding dissipated any reason to investigate the possibility of criminal activity any further, and with it the officer's authority to seek out and detain the driver of the truck for that purpose. The past break-ins that had occurred at other locations were too remote in time and circumstance to justify the stop. Indeed, the officer's explanation that he needed to find out who was in the truck demonstrates that lack of a sufficient nexus to criminal activity, and exemplifies no more than a "hunch" that the driver may have been up to no good.
The State also argues that the stop might reasonably be justified on the "community caretaker" rule we discussed in Statev. Carlile (May 14, 1999), Montgomery App. No. 17270, unreported. However, the record portrays no problem on the part of the driver which might require the officer's assistance. Therefore, the community caretaker rule does not apply.
We find that the trial court erred when it denied Defendant-Appellant Houser's motion to suppress evidence. The assignment of error will be sustained. Houser's conviction will be reversed and the case remanded to the trial court for further proceedings.
 ____________________________ GRADY, P.J.
FAIN, J. and YOUNG, J., concur.